Kinkade, J.
 

 This is a personal injury case. The injury was inflicted in a most unusual manner. The injured party was a passenger on a street car that had stopped at a street intersection to receive and discharge passengers. The injured party was standing in the aisle of the car, intending to leave
 
 *145
 
 the car at that stop. Immediately opposite the car a 21 story bank and office building was then being erected. A workman was using a two-pound sledge hammer on the top cornice of the building, more than 200 feet above the street level. By reason of the workman’s negligence the hammer head fell into the street, crashed through the top of the street car, struck the standing passenger in the breast, and landed upon the floor in the aisle of the car. The workman was in the employ of the plaintiff in error, and was acting within the scope of his employment. The injured passenger, the defendant in error, began an action against the plaintiff in error, alleging that the fall of the hammer head was occasioned by the negligence of plaintiff in error, and was the direct, proximate, and sole cause of a serious injury, permanent in character, as detailed in her amended petition. The plaintiff in error by answer, and by statement made in open court at the beginning of the trial, admitted its responsibility for the act of the workman, and admitted that the falling of the hammer resulted from its negligence. The answer denied, for want of information, that the plaintiff was a passenger upon the street car, and denied that she had been' hit by the falling hammer, or had, received any injury to her person by reason thereof.
 

 The jury returned a verdict in favor of the plaintiff for $22,500. The trial court overruled the motion for new trial, and entered judgment according to the verdict. The Court of Appeals affirmed this judgment. This court, on motion of defendant, instructed the Court of Appeals to certify the record for review.
 

 
 *146
 
 Numerous errors are assigned, all of which have been examined. The two principal errors relied upon are: First, that the trial court, before argument, and at the request of plaintiff’s counsel, instructed the jury that the doctrine of
 
 res ipsa loquitur
 
 applied to this case, telling the jury that the falling of the hammer raised a presumption of negligence, and that, unless it was explained by the defendant, then it would be the duty of the jury to find the defendant guilty of negligence; and, second, that the evidence is not sufficient to sustain any verdict in favor of plaintiff, much less a verdict in the amount returned, and, further, that the verdict is so excessive in amount as to clearly indicate passion and prejudice on the part of the jury.
 

 Our attention is called to the case of
 
 Loomis
 
 v.
 
 Toledo Railways & Light Co.,
 
 107 Ohio St., 161, 140 N. E., 639, as sustaining the first principal ground of error claimed. In that case negligence was denied by the defendant, and the defendant’s evidence fully met any presumption of negligence that might otherwise have existed, and made a case where it would have been entirely improper to have charged the doctrine of
 
 res ipsa loquitur.
 
 The plaintiff requested such a charge, but the trial court refused it. Plaintiff was defeated in the action, and assigned this refusal as error. This court sustained the ruling of the trial court. We think that case has no application here. In this case the negligence charged was fully admitted, and the verdict of the jury was in accord with that admission.
 

 While counsel for the plaintiff below and the
 
 *147
 
 trial court were both in error in applying the doctrine of
 
 res ipsa loquitur
 
 to this case, we think it sufficient to say that, in view of the fact that defendant had fully admitted its negligence, it could not possibly constitute error prejudicial to. the defendant to say to the jury that if the defendant failed to explain the falling of the hammer it would be the duty of the jury to find the defendant guilty of negligence. This statement could not be harmful in any way to the defendant after its full and complete admission of the negligence charged. The word “explain” used in the instruction given could not have any reference to anything other than the falling of the hammer. This was made entirely clear by what the trial court said immediately thereafter in the general charge, and that was the very thing which the defendant admitted had been caused by its negligence. Hence the. majority of the court are unable to see any merit in this claim of error.
 

 Referring to the second ground of error claimed, counsel well understand that this court does not pass on the weight of the evidence. We cannot disturb a finding of fact made by the jury, unless the verdict is clearly and manifestly not sustained by sufficient evidence. The law on this subject has long been thoroughly established, and the rule applies as well in criminal cases, where all doubts are resolved in favor of the accused, and where the evidence to justify a conviction must not only be consistent with the guilt of the accused but must be irreconcilable with his innocence.
 
 Breese
 
 v.
 
 State,
 
 12 Ohio St., 146, 156, 80 Am. Dec., 340;
 
 *148
 

 Davidson Steamship Co.
 
 v.
 
 United States,
 
 205 U. S., 187, 191, 192, 27 S. Ct., 480, 51 L. Ed., 764.
 

 This court has read the entire printed record of 245 pages, and fully considered all points made in oral argument and in briefs of counsel. The evidence in this case, and particularly the medical evidence, is in very great conflict. It is well known, at least to judges who have had experience on the trial court, that, when groups of doctors called as witnesses disagree as to the extent of personal injuries, and with respect to the permanency of such injuries, juries are very apt to give more heed to the statements of the party injured and to the evidence of the attending physician than they might otherwise do. When the evidence in the case presents a very sharp and sometimes acrimonious dispute between the doctors, the result of such dispute is not usually favorable to the defendant. We think there is quite sufficient evidence in the case, if given credit by the jury, to sustain the verdict that was returned.
 

 We find no error prejudicial to plaintiff in error.
 

 Judgment affirmed.
 

 Marshall, C. J., Matthias, Allen and Robinson, JJ., concur.