CLEVELAND RY. CO. v. SUTHERLAND

Ohio Supreme Court

No. 19522.  Decided June 15, 1926

949.  PRESUMPTIONS — The burden of overcoming the presumption of negligence does not devolve upon street car company by the mere fact that glass from a street car window fell and injured an intending passenger while standing in the safety zone.

1028.  RES IPSA LOQUITUR—The doctrine of res ipsa loquitur relates to prima facie negligence and is not applicable where the facts are such that an inference that the

accident was due to a cause other than defendant's negligence could be drawn as reasonably as that it was due to its negligence.

PER CURIAM.

Hazel Sutherland brought an action against the Cleveland Railway Co. in the Cuyahoga Common Pleas seeking to recover damages for injuries sustained by her due to the alleged negligence of the company, in that while standing in a safety zone waiting for a street car, a glass from one of the company's cars fell and pieces thereof struck her on the head and face.

The court instructed the jury that if the injury was caused by the falling of the glass, a presumption arises in absence of other proof that the company was negligent. The trial resulted in a verdict in favor of Sutherland and judgment thereon was affirmed by the Court of Appeals.

The case was taken to the Supreme Court and it was contended by the company that testimony to the effect that the glass did not fall out, but that there was merely a hole of about six inches punched in the glass. Sutherland contended that the negligence of the Company in stopping the car with suddenness together with its overcrowded condition, was the negligence which caused the breaking of the glass and the consequent injury. The Supreme Court held:

1. The question presented is whether the res ipsa loquitur rule has any application in this case.

2. Counsel for Sutherland state their view of the proposition as follows:—"The negligence of itself, in the absence of explanation by the defendant, affords prima facie evidence that there was want of due care."

3. The res ipsa loquitur doctrine does not apply where there is direct evidence as to the cause, or where an inference can be drawn from the facts that the accident was due to a cause other than defendants negligence as reasonably as that it was due to its negligence.

4. The facts do not indicate that the window was broken because of any faulty construction; but rather by reason of some outside physical force.

5. It is clear that the breaking of the glass could have occurred without any negligence of the Company, and an inference might be drawn that the window was broken by the act of a third person with which the company had nothing to do.

Judgment reversed.

Attorneys—Squire, Sanders & Dempsey for Company; Gott, Bloomfield & Orr and Lewis Drucker for Sutherland; all of Cleveland.

## PUBLISHER'S COLUMN
# The Ohio Law Abstract

Entered as second class matter, February 28, 1923, at the Post Office, Cleveland, Ohio, under the Act of March 3, 1879

Issued Every Saturday          50 Weeks of the Year

### SUBSCRIPTION PRICES AND TERMS

One year (50 issues) Payable in Advance.......$15.00
Single Numbers .................................. .35.

When cash is mailed to us in advance
20 per cent discount

RENEWALS, not prepaid (per mo. $1.25).......$15.00

No discount allowed after expiration date

NEW RULE, effective July 1, 1926—All delinquents for 60 days or more, discontinued without notice.

### DIGESTS and PRICES

Ternary Digest, alone ......................... $7.50

Subject to 20 percent, if cash paid with order

Abstract, one year, and Ternary Digest, if ordered and paid for together, net......................$18.00

June Semi annual Digest, Free to all paid Abstract Subscribers. To non-subscribers to Abstract, net.. $1.50

December Annual Digest (Supplement to Ternary) 1926, net .................................... $3.00

To non subscribers to Abstract, net.............. $5.00

THE LAW ABSTRACT COMPANY
Office Editorial Rooms and Library
13916 Euclid Avenue, Cleveland, O.
Address all mail communications to
P. O. Box 2455, Cleveland

---

### EXPIRATIONS

We send notices to subscribers, four weeks in advance of the date to which their subscription is paid, thus assuring them of ample knowledge in time to prepay renewals, and save the 20 per cent we give to those who mail the money in advance.

---

### THE YEAR IS GROWING OLD

This Abstract being No. 41 of the publication year, it is easy to reckon how fast the time is speeding by. More than three-fourths of its issues for 1926, have, phantom like, passed before its readers; and it can now well be said, that the year is truly "growing old." The "Good Old Summer Time" and over one month of "Fall," have departed, and after less than two more, so to speak, "November's surly blasts" will "have blown fields and forest bare." Then we will have had "Squaw Winter" and "Indian Summer," and then will come December, with its holidays, the gayest as well as the "saddest month" of the year, and its distressing winter blasts; but from now on, the time will go by so swiftly, that its passing will scarcely be realized.

Now spread out before the lawyer is his business season. Mercantile activities are strong and the Courts are all in session and calling for his energies, and these demands will continue until Christmas week, the terminal of the year, brings alleviation.

This strenuous business season and the closing up of the year's accounts will bring up