*465
 
 Jones, J.,
 

 dissenting. I am unable to distinguish this case from
 
 Loomis
 
 v.
 
 Toledo Rys. & Light Co.,
 
 107 Ohio St., 161, 140 N. E., 639. It is worthy of note that the Court of Appeals of Lucas county, which reversed the judgment in the instant case, was the same court that decided the
 
 Loomis case, supra.
 
 In that case the second paragraph of the syllabus holds:
 

 “Where the proof raises a probability that such falling poles and wires were caused by a
 
 vis major,
 
 the presumption of negligence does not arise. In such case the plaintiff must sustain his specific allegations of negligence by a preponderance of the evidence.”
 

 In that case the trial court refused to apply the doctrine of
 
 res ipsa loquitur,
 
 and we affirmed that decision. In my judgment the two cases are exactly alike. In the
 
 Loomis case
 
 the defendant offered proof raising a probability that the falling wires were caused by an extraordinary storm or a
 
 vis major.
 
 Here the proof offered raised a strong probability that the wires were shot down by some person unconnected with the defendant. It is impossible for me to make any distinction in principle between the two cases.
 

 In the instant ease, the Court of Appeals, reviewing the evidence, said:
 

 “There is no evidence tending to show that the wire in question was out of repair or defective prior to the time that the lights went out. The evidence does show that shells from a .45 caliber revolver were found at the place where the wire was broken, and portions of the wire itself are
 
 *466
 
 offered in evidence which clearly show the marks of what might have been a metal-jacketed bullet. * * * In the case at bar there was no evidence tending to show that the defendant company was guilty of negligence in constructing, maintaining, or keeping in repair the wire in question up to the time it fell. In fact, all the evidence tends to show that up to that time the wire was in good condition. It follows that no inference can be drawn from all the evidence except that the cause of the falling of the wire was that it was struck by a bullet discharged from a firearm, fired by some third person not shown to be connected with the defendant company. The proof as to the cause of the wire being down rebutted and destroyed the presumption arising from the mere fact that it did fall. * * * It was prejudicial error for the court to charge the doctrine of
 
 res ipsa loquitur.”
 

 And this record supports the statement of the Lucas county Court of Appeals.
 

 In the
 
 Loomis ease
 
 the trial court had refused to charge and apply the rule of
 
 res ipsa loquitur;
 
 in the instant case it did charge it in the face of the proof that the shooting down of the wires was done by some one not connected with the defendant. The trial court said to the jury:
 

 “That a presumption of negligence arises on the part of the defendant company in the construction, management, and maintenance of said wire, and easts upon the defendant the burden of meeting such presumption.”
 

 The opinion in the
 
 Loomis case
 
 quotes the following from the text in 29 Cyc., 624, which same text is again quoted with approval by this court in its
 
 *467
 

 per curiam
 
 in
 
 Cleveland Ry. Co.
 
 v.
 
 Sutherland,
 
 115 Ohio St., 262, 152 N. E., 726. The doctrine thus approved in both cases is stated as follows:
 

 “The maxim
 
 res ipsa loquitur
 
 relates merely to negligence
 
 prima facie
 
 and is available without excluding all other possibilities,
 
 hut it does not apply where there is direct evidence as to the cause, or where the facts are such that an inference that the accident was due to a cause other than defendant’s negligence could he drawn as reasonably as that it was due to his negligence.”
 
 (Italics mine.)
 

 Every member of this court concurred in that statement of the rule in the
 
 Sutherland case, supra.
 

 In the absence of proof tending to show a probability that the wire was caused to fall by the act of another than the defendant, it would be the duty of the trial court to charge the doctrine
 
 res ipsa-,
 
 but, under the rule laid down by this court in the
 
 Loomis
 
 and
 
 Sutherland cases,
 
 the court erred in charging the doctrine and casting “the burden of meeting such presumption” where explanation was furnished by evidence showing strong probability that the wires were shot down during the night of this national holiday on July 4, 1923.
 

 The view here taken is also sustained by the case of
 
 Livingston & Co.
 
 v.
 
 Streeter,
 
 114 Ohio St., 144, 150 N. E., 734. In that case the negligence was admitted by the defendant. In the instant case the answer of the defendant not only denies the allegations of negligence, but specifically avers “that some time during the night of July 4, 1923, some person, while shooting fire arms, shot a feed wire, belonging to this defendant, in two by striking the same with a bullet.” The judge delivering the
 
 *468
 
 opinion in the
 
 Streeter case, supra,
 
 referring to the
 
 Loomis case, supra,
 
 said:
 

 “The defendant’s evidence fully met any presumption of negligence that might otherwise have existed, and made a case where it would have been entirely improper to have charged the doctrine of
 
 res ipsa loquitur.
 
 The plaintiff requested such a charge, but the trial court refused it.”
 

 The trial court, under the authority of the cases cited, should not have charged the
 
 res ipsa
 
 rule under the circumstances shown by this evidence. The Court of Appeals clearly followed the procedural rule heretofore adopted by this court, and its judgment should not be reversed for so doing.