## CURTIS v AKRON COCA-COLA BOTTLING CO.

Ohio Appeals, 9th Dist, Summit Co.

No. 3118. Decided April 3, 1939.

Brouse, McDowell, May & Bierce, Akron, for appellant.

Rockwell, Grant, Doolittle, Thomas & Buckingham, Akron, for appellee.

## OPINION

By STEVENS, J.

This action was commenced by the plaintiff, Grace Curtis, against the defendant, Akron Coca-Cola Bottling Co., to recover damages for personal injuries alleged to have been sustained by plaintiff when a Coca-Coca bottle exploded.

The record discloses the following facts: Plaintiff, as a retailer, had purchased from the defendant several cases of Coca-Cola four days prior to the occurrence in question, which cases were caused by plaintiff to be placed in the cellar of her store. Those cases and their contents were moved about from time to time by plaintiff and her employees. On the day in question, plaintiff went to said cellar for the purpose of procuring six bottle of Coca-Cola from the cases in said cellar. She had picked up and placed in a container two bottles, and was in the act of reaching for a third, when said bottle exploded, injuring plaintiff's right hand.

At the conclusion of plaintiff's evidence, the trial court directed a verdict for defendant; and an appeal on questions of law brings the judgment entered upon said verdict into this court for review.

The petition filed herein sets out two bases upon which plaintiff claims a right to recover from the defendant; first:

Negligence in excessively charging said Coca-Cola bottle with carbon dioxide gas when defendant knew, or, in the exercise of ordinary care. should have known, that said bottle was

548

charged beyond the tensile strength thereof to withstand said charge.

There is no evidence contained in this record to substantiate said allegation of negligence unless the mere fact of explosion warrants the application of the doctrine of res ipsa loquitur, which claim is not urged by appellant. There is a complete silence in the record as to the cause of the explosion of the bottle from which plaintiff's injuries resulted; and where all of the facts connected with the accident fail to point to the negligence of the defendant as the proximate cause of the injury, but show a state of affars from which an inference could reasonably be drawn that the accident was due to a cause or causes other than the negligent act of the defendant. the plaintiff cannot rely upon mere proof of the surrounding facts and circumstances, nor is the defendant called upon to explain the cause of the accident or to purge itself of the inferential negligence.

Upon the claim of negligence asserted by plaintiff, the record discloses no facts which required the trial court to submit that issue to the jury.

The second ground upon which plaintiff claims a right to recover is:

"That the defendant, in selling to the plaintiff herein the said case of Coca-Cola, impliedly warranted that said bottles, together with their contents, were safe for handling in the ordinary manner."

It is claimed by the plaintiff that the evidence justifies the conclusion that the bottles containing the Coca-Cola were sold by defendant to plaintiff, and that a warranty of merchantability attached to the bottles and contents under the provisions of §8395 GC, subdivison 2.

We find that the record does not disclose a sale to plaintiff of the bottles containing said Coca-Cola. The sale of the contents of the bottles is conceded, as also is the implied warranty of merchantability of the contents.

Assuming, however, that the warranty of mechantability did attach to both the bottle and its contents here again there was a complete failure to produce evidence of probative value indicating a lack of merchantable quality of the bottle or the contents thereof, or, if there was such lack, that it proximately caused the explosion of the bottle.

The expert testimony offered by the plaintiff furnished no factual basis from which could be inferred a lack of mechantability in the bottle The most that could be said for it is that it merely furnished a basis for speculation as to the cause of the bottle's failure.

In our opinion, there was no evidence adduced at the conclusion of the plaintiff's case in chief upon which a jury could properly base a finding for the plaintiff. In that situation, it is not the province of a trial court to permit a jury to speculate as to the cause which produces a given result. A failure of proof, such as is here disclosed, required the direction of a verdict for the defendant by the trial court at the conclusion of plaintiff's case in chief.

Judgment affirmed.

WASHBURN, PJ. & DOYLE, J., concur.