**ROCKWELL, an Infant, etc., Appellant v. QUEEN CITY BOTTLING CO., Appellee.**

**ROCKWELL, Appellant v. QUEEN CITY BOTTLING CO., Appellee.**

Ohio Appeals, First District, Hamilton County.

Nos. 6249 & 6250. Decided June 1, 1943.

Dinsmore, Shohl, Sawyer & Dinsmore, Cincinnati, and Dwight W. Martin, Cincinnati, for appellants.

Pogue, Helmholz, Culbertson & French, Cincinnati, and Dolle, O'Donnell & Cash, Cincinnati, and John R. Hahn, Cincinnati, for appellee.

## OPINION

By HILDEBRANT, J.

Appeals on questions of law from the judgment of the trial court following an instructed verdict for the defendant at the conclusion of the opening statement of plaintiff's counsel and the supplemental opening statement. The trial court gave plaintiff every opportunity to amend the petition, but plaintiff refused and elected to stand thereon and requested opportunity to make a supplemental opening statement to the jury which request was refused after the same was made to the court. The appeal here arises out of two suits, one by a minor child, eight years of age, for personal injuries, the other, by the father for medical expenses and loss of services.

The petition alleges merely that defendant was engaged in the business of bottling and distributing soft drinks through retailers for resale to the public and incident thereto packed their product in pasteboard cartons holding six bottles fashioned with a handle therein for carrying purposes; that plaintiff purchased six bottles of root beer contained in such a carton, and that while carrying same from a drug store to an automobile at the curb nearby, the carton collapsed, the bottles fell to the sidewalk and were broken, and plaintiff was injured by flying glass.

In the opening statement counsel for plaintiff describes the happening incident to the purchase and carrying and collapse of the carton of 6 bottles of root beer and describes the drug store premises, and sets forth that the cartons of bottled soft drinks are delivered

by defendant and placed on the floor of this particular drug store around the cosmetic counter or delivered in wooden boxes placed on a bench in the basement from where they are placed on the floor at the base of the cosmetic counter as needed by the retailer The drug store is described as of usual type with soda fountain, bottles, prescription counter, show cases, etc.; it is stated the defendant acquires the cartons, does not manufacture them, and packs them in about thirty seconds, that they use both new and used cartons, it being estimated about 10% being used cartons and that the only inspection made by defendant was that made in the process of packing requiring about half a minute, or in sorting the cartons for reuse with reference to inspecting them for breaks and as to cleanliness; the statement goes on to venture the opinion that nine times out of ten nothing touches the cartons while in the drug store and to discount the possibility of any damage to them while in the store.

It is further stated: "that carton collapsed due to the negligence of the defendant in failing to inspect, or in using old cartons" and because of that plaintiff was injured. Counsel further stated the carton herein was lost; they had no proof of its being a used carton, and were not intending to interpose any evidence to that effect, that the proof would consist of the purchase and collapse of the carton, that defendant procured the carton; and was negligent in failing to inspect the cartons it purchased, or that its inspection was inadequate.

Counsel then requested to supplement the above statement in two respects:

"MR. MARTIN: In two respects, your Honor. First, I want to clear up any doubt that my original statement may have created to the effect that we would prove that the particular carton involved had a defect which would be discovered upon inspection, or that it was an old carton. I want to make it clear to the jury, your Honor, that this carton has been searched for and we can not find it. We do not know what caused the carton to collapse. I want to make that clear, your Honor. I want also to state to the jury that on a prior occasion a carton which had been purchased by Mrs. Rockwell collapsed; that fact was made known to the defendant or to the defendant's agents on a prior occasion."

On page 18 of the record the following appears:

"MR. MARTIN: I don't know if it is proper order now to make a statement of my position or after I make it to the jury. If proper at this time I would like for the purpose of the record to make my position clear to your Honor. We feel we have stated a cause of action in our petition and we feel that cause of action in the first place does not have to state the theory upon which we believe we are entitled to a recovery. We believe we are entitled to a re-

covery on one of three points, first, that this is a case to which the doctrine of res ipsa loquitur should be applicable. Second, we feel it is a case in which by virtue of the fact that we disposed of the negligence on the part of the persons who handled this carton subsequent to the time that it left the control of the defendant and that we have removed other causes which might reasonably tend to cause this accident and that we show some negligence on the part of the defendant in the handling by defendant of this carton, it is only reasonable to suppose that this collapse of the carton was due to the negligence of the defendant. Third, that the defendant had furnished a carton for the purpose of resale to a consumer to be used in a particular way, and for the purpose for which it was intended, and when used for the purpose for which it was intended the carton was inadequate."

Plaintiff here seeks to hold the defendant responsible in damages for the breach of an implied warranty or negligence, or both, and relies principally upon the case of **Sicard v. Distributing Co.**, 133 Oh St 291, construing §11305 GC, to sustain the sufficiency of the allegations of the petition and opening statements of counsel. That case is readily distinguishable from the case at bar, as involving an article inherently dangerous and the petition containing specific allegations of negligence.

As far back as **Hess v. Lupton**, 7 Ohio, Pt. 1, page 216. the Supreme Court of Ohio has said: "Action for damages consequent on an act innocent in itself, and injurious only in consequence of particular circumstances, the declaration must set out the circumstances showing the wrong."

Plaintiff alleges and offered to prove merely that defendant put the carton in circulation and the happening of its collapse, while out of the possession and beyond the control of defendant, mentioning no act or omission to act of defendant in connection therewith, and leaving to utter speculation and the limitless field of guess work as to what did or did not happen to the carton after being placed in the hands of the retailer. If these be the ultimate facts, they fail to state a cause of action on an implied warranty as to fitness for a particular use or in an ordinary negligence case. If the so-called cursory inspection of the defendant amounted to negligence, there is an utter lack of any causal connection between that and its being the proximate cause of the injuries here.

This court has said in **Flamm v. The Coney Island Co.**, 49 Oh Ap 122, in the third paragraph of the syllabus:

"Mere co-existence of negligence and injury is not sufficient to establish a causal connection between the two, nor can difficulty in securing evidence of that causal connection be substituted for such proof."

The holding and discussion in the case of **St. Mary's Gas Co. v. Brodbeck, Admr., 114 Oh St 423,** are pertinent to the case at bar.
Judgments affirmed.

ROSS, P. J., and MATTHEWS, J., concur.