296

## LEACH, Plaintiff-Appellant, v. JOYCE PRODUCTS COMPANY, Defendant-Appellee.

Ohio Appeals, Second District, Franklin County.

No. 4718. Decided March 13, 1952.

Otis C. Buchanan, Robert H. Van Gundy, Columbus, for plaintiff-appellant.

Bricker, Marburger, Evatt & Barton, Robert L. Barton, of Counsel, Columbus, for defendant-appellee.

## OPINION
By MILLER, J.

This is a law appeal from the judgment of the Common Pleas Court sustaining the motion for a directed verdict at the close of the plaintiff's case. The action was one for damages arising out of the explosion of a bottle of "Seven Up," a carbonated beverage. The petition alleges that while the plaintiff was engaged in the employment of the Deshler-Wallick Hotel as a bartender, he was injured by several pieces of pointed glass as the result of an explosion of a bottle of Seven Up; that the bottle was in a case which was piled on top of several other

cases; that as he was reaching for one of said bottles the explosion occurred causing the injuries complained of.

The petition alleges further that the defendant manufactured the said bottle and at all times had complete and exclusive control of the same; that it was a carbonated beverage charged with carbon dioxide gas which exerts an exploding pressure upon the bottle in which it is confined, and that all the facts and circumstances of and concerning the manufacture and bottling of said beverage are peculiarly and exclusively within the knowledge of the defendant.

The record reveals that the defendant is the sole manufacturer of Seven Up in Franklin County wherein the injury occurred, and in many of the surrounding counties; that the product is sold through distributors and that the one serving the Deshler-Wallick Hotel was one Thomas J. Donovan, who testified that he was an independent contractor selling Seven Up to the said hotel on or about the date of the injury.

The record also discloses that after such products are received by the hotel they are handled by several of its employees before reaching the bar room and this plaintiff. The record fully reveals the usual course of the business in the handling of beverages when received by the hotel, but there is not a scintilla of evidence concerning the manner or degree of care exercised by the distributor Donovan or hotel employees in the handling of this particular bottle or the consignment of which it was a part. There was therefore no proof offered tending to establish that the bottle was in the same condition at the time of the explosion as it was when it left the control of the defendant. It was for this reason that the trial court sustained the defendant's motion.

In its well expressed opinion the Court reviewed many of the leading Ohio authorities. We are of the opinion that the trial Court applied the proper legal principles in sustaining the motion. It is conceded by all parties concerned that the doctrine of res ipsa loquitur is applicable to carbonated beverage explosion cases, and the weight of authority in this state seems to even hold that it is not necessary that the defendant have exclusive possession and control of the bottle before the principle becomes effective, but before the doctrine can be invoked the plaintiff must produce some evidence from which the inference could be drawn that the particular bottle or consignment of which it was a part was handled in a reasonably careful manner at all times after it left the possession and control of the defendant. When this is done the fact is established that the bottle was in the same condition at the time of the explosion as when it left the control of the defendant. In other words, before the plaintiff may recover it

is necessary that there be some evidence from which the inference could be drawn that the negligent act which caused the explosion occurred while the bottle was in the possession and control of the defendant. The appellant urges that he meets these requirements by showing the various departments or hotel employees handling the bottles in the regular course of business, but this is not sufficient. There must be a further showing that ordinary care was exercised at all times in the handling by those in possession, after leaving that of the defendant.

The Supreme Court of Ohio has stated the general rule of the doctrine of res ipsa loquitur in **Renneckar v. The Canton Terminal Restaurant, Inc., 148 Oh St 119.** The syllabi of this case are as follows:

"1. Res ipsa loquitur is a rule of evidence which permits, but does not require the jury to draw an inference of negligence in a case where the instrumentality causing injury is shown to have been within the exclusive control and management of the defendant, and where the circumstances attending the injury were of such a character in themselves as to warrant the conclusion that a lack of ordinary care on the part of the defendant was responsible for the occurrence or condition causing the injury.

"2. Res ipsa loquitur does not apply to a situation in which an injury occurs as the result of the displacement of a manhole cover located in a public sidewalk over premises subleased to a defendant, where there is no showing that such defendant was in exclusive control of the cover, had made use of it, had notice of the displacement, and where it is apparent that the displacement could have been due as well to the intervention of an outside force or of a third person as to any negligence of the defendant.

"3. In such circumstances, evidence of negligence on the part of the defendant must be adduced and in the absence of such evidence the defendant is entitled to a directed verdict in his favor upon motion therefor."

In the case of **Curtis v. Akron Coca-Cola Bottling Co., 31 Abs 546,** we find further expression concerning the burden of proof required of a plaintiff to establish a case of res ipsa loquitur against a bottling company. In this case one of the claims of negligence was that the defendant excessively charged a Coca-Cola bottle with carbon dioxide gas causing it to later explode. On page 547 the Court said that the plaintiff not only failed to prove the above allegation but also failed to remove the possibility that third persons were negligent.

"There is no evidence contained in this record to substantiate said allegations of negligence unless the mere fact of explosion warrants the application of the doctrine of res ipsa loquitur, which claim is not urged by appellant. There is a complete silence in the record as to the cause of the explosion of the bottle from which plaintiff's injuries resulted; and where all of the facts connected with the accident fail to point to the negligence of the defendant as to the proximate .cause of the injury, but show a state of affairs from which an inference could easily be drawn that the accident was due to a cause or causes other than the negligent act of the defendant, the plaintiff cannot rely upon mere proof of the surrounding facts and circumstances, nor is the defendant called upon to explain the cause of the accident or to purge itself of the inferential negligence."

Another recent Ohio case, **Fick v. Pilsener Brewing Co. (1948), 39 O. O. 158,** (Affirmed by Court of Appeals, March 4, 1949) stated the extended rule of res ipsa loquitur on page 159:

"Where an explosion of a bottle of carbonated beverage injuries a person and the ,evidence negatives any reasonable inference that the explosion was caused by the plaintiff or anyone else who handled the bottle after it left the control of the manufacturer, both logic and experience support a rebuttable inference of negligence by the manufacturer while the bottle was in its possession and control."

In the Fick case the plaintiff met the burden of proof, which the Court specially noted on page 158:

"The evidence discloses that the offending bottle of beer and the case in which it was delivered received no jar, impact, or rough or unusual handling from the time of the delivery to the cafe until and including the time of its explosion."

The appellant urges also that the defendant violated the Pure Food Law which bans and punishes the sale of adulterated food or drink and that the Court erred in not submitting the case to the jury on the theory of implied breach of warranty of merchantability under §8395 GC, but we find no evidence in the record to establish the plaintiff's contention. The plaintiff has the burden of proving this violation and. which he has attempted to do only through the doctrine of res ipsa loquitur. In this he has failed and therefore the Court did not err in refusing to apply the breach of warranty doctrine. In the absence of evidence as to the cause or the responsibility of the explosion it is not proper for the jury to speculate on whether or not there was a breach of warranty. **Curtis v. Akron Coca-Cola Bottling Co.,** supra. At page 548 the Court says:

"Assuming, however, that the warranty of merchantability did attach to both the bottle and its contents here again there was a complete failure to produce evidence of probative value indicating a lack of merchantable quality of the bottle or the contents thereof, or, if there was such lack, that it proximately caused the explosion of the bottle."

The other errors assigned relate to the admission and rejection of testimony which we find are not well made.

Finding no error in the record, the judgment will be affirmed.

HORNBECK, PJ, WISEMAN, J, concur.