**CURRY, Plaintiff, v. GREAT ATLANTIC & PACIFIC TEA COMPANY et, Defendants.**

Common Pleas Court, Fayette County.

No. 21651.　Decided April 20, 1954.

Collis Gundy Lane, Columbus, Reed M. Winegardner, Washington C. H., for plaintiff.

Landis, Ferguson, Bieser & Greer, Dayton, for defendant, The Great Atlantic & Pacific Tea Co.

Hill & Hill, Washington C. H., for defendant The Coca-Cola Bottling Company.

## OPINION

By CASE, J.

This cause is an action for damages predicated upon certain allegations of negligence as set forth in Plaintiff's peti-

tion filed herein on August 5, 1953, against The Great Atlantic & Pacific Tea Company and The Coca-Cola Bottling Company.

On October 30, 1953, upon leave of Court first had and obtained, Defendant, The Coca-Cola Bottling Company, filed its demurrer herein which reads:

"Now comes the defendant, The Coca-Cola Bottling Company and demurs to the petition filed herein for the reason that said petition does not state facts sufficient to constitute a cause of action against said defendant."

Counsel for the respective parties have filed rather comprehensive memoranda for and contra said demurrer; and the Court has carefully considered the authorities cited therein.

In opposing said Defendant's demurrer, Plaintiff finally urges and contends that:

"The second paragraph of the petition alleges that this defendant manufactured and bottled under its exclusive custody and control, the soft drink in question. Many Ohio cases have held that the principle of res ipsa loquitur applies to bottled soft drinks. See **Leach v. Joyce Products Company, 66 Abs 296,** and cases therein cited. If the evidence is such as to make the rule applicable, we would then be entitled to go to the jury under proper instructions if the petition had not contained any specifications of negligence as to this defendant. Res ipsa loquitur is a rule of evidence. **Collins v. McClure, 143 Oh St 569, 573.** The fact that specific negligence has been pleaded, does not prevent the application of this doctrine, even though it is not proved. **Pierce v. Gooding Amusement, 55 Abs 556,** and **Motorists Mutual Insurance Company v. Calland, 93 Oh Ap 543.** Both of these decisions were by the Court of Appeals for this district. Whether the doctrine can be applied, cannot, of course, be determined until the evidence is in, but so long as the doctrine is potentially applicable, the matter cannot be determined upon demurrer."

Therefore, it clearly appears that Plaintiff's memorandum raises the question:—

Can the Court, in considering a demurrer to a petition (on the ground that said petition does not state facts sufficient to constitute a cause of action against one of two defendants), before any evidence has been adduced, determine whether the doctrine of res ipsa loquitur can be applied?

We believe that, under the facts and circumstances alleged in Plaintiff's petition, this question must be answered in the affirmative. In the case of **Naomi Brown v. Pennsylvania Greyhound Lines, Inc.,** and **The Red Cab Company, 29 O. O. 442,** the Common Pleas Court of Lucas County held:

"When the plaintiff alleges that the injury was proximately

caused by the acts of two defendants, the doctrine of **res ipsa loquitur** can not be applied to one of the defendants." (Emphasis added by the Editor.)

In arriving at its decision in that case, Judge Fess stated in part:

"In the second place the defendant asserts that since plaintiff in her petition sets forth the negligence of another defendant as directly and proximately contributing to cause her injuries the rule of **res ipsa loquitur** can not apply to the defendant Greyhound.

"After setting foth the negligence generally of the defendant Greyhound and the specific acts of negligence of the Cab Company the petition alleges:

" 'As a direct and proximate result of the aforesaid careless, negligent, and unlawful acts of the defendants, and each of them, the said passenger bus in which plaintiff was riding and the said taxicab collided, and plaintiff sustained severe and permanent injuries, as hereinafter set forth.'

"Taking the allegations of the petition as a whole can it be said that an inference can be drawn that the accident was caused by the negligence of one of the defendants only?

"In **Glowacki v. Ry.; 116 Oh St 451,** the court says on p. 463: 'The controlling fact in the Loomis case **(107 Oh St 161)** was that the casualty was as attributable to the **vis major** as to any negligence on the part of the defendant, and that under such circumstances the rule of **res ipsa loquitur** has no application. All of the cases cited bear out that theory and clearly establish the rule of law that the doctrine of **res ipsa loquitur** should not be applied, where, by the pleadings and the evidence of the defendant, another cause equally efficient is shown.' The court likewise quotes with approval from Section 58b of 1 Shearman and Redfield on Negligence as follows:

" 'If it appear that the injury was proximately caused by the independent acts of two or more persons, the application of the maxim is excluded by its terms.'

"In the instant case the plaintiff alleges the injury was caused by the acts of two defendants and therefore the maxim should not be applied to one of the defendants." **(29 O. O. 443.)**

In the instant case, Plaintiff alleges in her petition as follows:

" * * *

"On or about the 17th day of May, 1952, plaintiff entered said store as an invitee, and customer of defendant, The Great Atlantic and Pacific Tea Company, for the purpose of purchasing articles sold in said store, including a case or carton of Coca-Cola. Defendant, The Great Atlantic & Pacific Tea

Company, had so carelessly and negligently arranged the cartons of Coca-Cola on said display self, that as plaintiff was removing one of said cartons, a bottle protruding over the edge of the next carton, caught upon the carton plaintiff was removing, and was jerked out of the carton in which it had been placed, and fell to the floor, exploding and cutting the plaintiff with fragments of flying glass. Said occurrence and plaintiff's resulting injury was solely and proximately caused by the carelessness and negligence of defendants in the following particulars:

"Defendant, The Great Atlantic & Pacific Tea Company, was negligent in:

"1. Arranging said Coca-Cola display so that the bottle from the carton next to that removed by plaintiff, protruded over the edge and became caught upon the carton plaintiff was removing, and was thereby caused to fall to the floor;

"2. In failing to make sure that all the bottles in the cases so displayed, were firmly within the limits of the case in which said bottle was placed;

"3. In failing to warn plaintiff of the hazard so created by it;

"4. So negligently handling said bottle of Coca-Cola after receiving it into said defendant's custody and control as to cause said bottle to explode.

"Defendant, The Coca-Cola Bottling Company was negligent in:

"1. So carelessly and negligently manufacturing and bottling said Coca-Cola, or in selecting a defective container therefor, the exact fact being known to said defendant but unknown to plaintiff, while under its exclusive custody and control, as to cause said bottle to explode."

"As a proximate result of the aforesaid carelessness and negligence of defendants, plaintiff received a deep cut on the outside of her right leg above the ankle, which involved a severance of the peroneal nerve in said leg. * * *"

Plaintiff, by her memorandum, contends that she might be entitled to recover from Defendant, The Coca-Cola Bottling Company, upon the doctrine of res ipsa loquitur, and that the applicability of said doctrine can not be determined "until the evidence is in."

Plaintiff cites and relies upon the case of **Leach v. Joyce Products Company, 66 Abs 296, 116 N. E. (2d) 334,** in support of this contention. In that case the Court of Appeals for Franklin County (which is also the Court of Appeals for Fayette County) held:

"1. The weight of authority in Ohio holds that it is not necessary that the defendant have exclusive possession and

control of a carbonated beverage bottle before the principle of res ipsa loquitur becomes effective, but before the doctrine can be invoked the plaintiff must produce some evidence from which the inference could be drawn that the particular bottle or consignment of which it was a part was handled in a reasonably careful manner at all times after it left the possession and control of the defendant. (Emphasis by the Court.)

"2. In the absence of evidence as to the cause or the responsibility of the explosion of a carbonated beverage bottle it is not proper for the jury to speculate on whether or not there was a breach of warranty."

Plaintiff's petition clearly states and admits, among other things, that the offending bottle was "jerked out of the carton" and "fell to the floor." The very nature and extent of these admissions, as set forth in Plaintiff's petition, are inconsistent with and repugnant to the possibility and probability of producing "some evidence from which the inference could be drawn that the particular bottle * * * was handled in a reasonably careful manner at all times after it left the possession and control of the defendant."

Plaintiff subscribed to these operative facts under oath as being true. They are undisputed admissions as to the cause or the responsibility of the explosion of the offending bottle, and they clearly preclude Plaintiff from presenting any evidence out of which the principle of res ipsa loquitur could become effective or be invoked. So long as these admissions remain on the face of the petition, the Plaintiff will be unable to produce any evidence from which the inference could be drawn that the offending bottle "was handled in a reasonably careful manner at all times after it left the possession and control of the defendant."

In the case of **Rockwell v. The Queen City Bottling Co., 73 Oh Ap 42, 28 O. O. 86, 39 Abs 452, 53 N. E. (2d) 528** the Court of Appeals for Hamilton County held:

"A petition alleging that defendant is in the business of bottling and distributing soft drinks through retailers for resale and packed in pasteboard cartons holding six bottles, fashioned with a handle for carrying, that plaintiff aged eight years purchased six bottles contained in such a carton and while carrying same from the store to an automobile nearby the carton collapsed, the bottles fell to the sidewalk, were broken, and plaintiff was injured by flying glass, does not state a cause of action for breach of implied warranty or for negligence."

Beginning at page 45 (73 Oh Ap) the court stated in part as follows:

"Plaintiff here seeks to hold the defendant responsible in damages for the breach of an implied warranty or negligence, or both, and relies principally upon the case of **Sicard v. Kremer, 133 Oh St, 291, 13 N. E.** (2d), 250, construing §11305 GC to sustain the sufficiency of the allegations of the petition and opening statements of counsel. That case is readily distinguishable from the case at bar, as involving an article inherently dangerous and the petition containing allegations of negligence.

"As far back as **Hess v. Lupton, 7 Ohio (Pt. 1), 216,** the Supreme Court of Ohio has said: 'Action for damages consequent on an act innocent in itself, and injurious only in consequence of particular circumstances, the declaration must set out the circumstances showing the wrong.'

"Plaintiffs allege and offered to prove merely that defendant put the carton in circulation and the happening of its collapse, while out of the possession and beyond the control of defendant, mentioning no act or omission to act of defendant in connection therewith, and leaving to utter speculation and the limitless field of guesswork as to what did or did not happen to the carton after being placed in the hands of the retailer. If these be the ultimate facts, they fail to state a cause of action on an implied warranty as to fitness for a particular use or in an ordinary negligence case. If the so-called cursory inspection of the defendant amounted to negligence, there is an utter lack of any causal connection between that and its being the proximate cause of the injuries herein complained of.

"This court has said in **Flamm v. Coney Island Co., 49 Oh Ap 122, 195 N. E. 401,** in the third paragraph of the syllabus:

" 'Mere co-existence of negligence and injury is not sufficient to establish a causal connection between the two, nor can difficulty in securing evidence of that causal connection be substituted for such proof.' "

In her petition in the instant case, Plaintiff sets forth one specification of negligence against The Coca-Cola Bottling Company. This specification of negligence seeks to apply the breach of warranty doctrine. This breach of warranty so alleged by Plaintiff is clearly inconsistent with and repugnant to certain admissions set forth in said petition which aver independent acts and operative facts from which it must be reasonably inferred that the accident was due to a cause other than the alleged negligent act of the Defendant.

Upon due consideration of the express allegations and admissions, as set forth in Plaintiff's petition, which show, among other things, that the offending bottle "was jerked

out of the carton * * * and fell to the floor," it is reasonable to assume, for the purposes of Defendant's demurrer herein, that there then and there existed undisputed facts and circumstances which would show the accident was due to a cause or causes other than the alleged negligent act of said Defendant.

By admitting the existence of such facts in her petition, Plaintiff has expressly disavowed proximate causal connection of the alleged specification of negligence by which she seeks to recover from said Defendant upon the doctrine of implied warranty; and it is, therefore, clearly apparent that Plaintiff's petition does not state facts sufficient to constitute a cause of action against said Defendant.

Therefore, upon due consideration of all of the reasons and grounds hereinabove set forth and discussed, the Court finds:

1. That Plaintiff's petition does not state facts which show a cause of action against said Defendant, The Coca-Cola Bottling Company; and

2. That said Defendant's demurrer herein is well made and should be sustained.

The Court further finds that Counsel for said Defendant, The Coca-Cola Bottling Company, should prepare an entry accordingly with appropriate notation therein of exceptions on behalf of Plaintiff to the aforesaid findings, decision and such entry, and thereupon submit same to Counsel for Plaintiff and to this Court for approval within fifteen (15) days from the date hereof.