By the Court.
 

 This cause was begun in the 'Common Pleas Court of ‘Vinton county by the filing of plaintiff’s petition, of which the following is a copy:
 

 “The plaintiff says the defendant is a corporation duly organized under the laws of the state of Ohio, and doing business therein as a railroad company; that said defendant owns and operates a railroad running through Vinton county, Ohio; that on or about the 15th day of November, 1920, and prior thereto the defendant company had in its employ various workmen, consisting of section hands, foremen, and other employees, for the purpose of repairing and taking care of the tracks of said company in said county; that it also had motor oars, during the period aforesaid, propelled by the use of gasoline, and other equipments for the use of said employees in such repair; that on or about the 15th day of November and in the year 1920 the said plaintiff was in the employ of said defendant company as a section hand, whose duty it was to
 
 *576
 
 remove decayed railroad ties from the tracks of said company in said county, and do various other work in the repair of the said company’s railroad tracks incident to his duties.of such section hand; that while in the performance of his duties as such section hand at the time aforesaid the plaintiff was riding along the railroad track of said defendant company in said county on a motor car of the said defendant company, and of the kind herein stated provided by it for the purpose of transporting him and other employees of said company along its said tracks to the place of their daily work on the said company’s railroad tracks in said county; and that, while riding on said motor car as aforesaid along the said tracks of said defendant company, the engine of the motor car on which he was then and there riding and other appliances of said car suddenly bursted,- and this fact, in addition to other defective conditions of said car, caused the same then and there to suddenly jump from the railroad track and throw this plaintiff from said car, breaking two of his ribs, his arm, and injuring the bones of his shoulder, and producing many other injuries from which this plaintiff is now suffering.
 

 “Plaintiff further states that the said disaster of the said motor car, consisting of its jumping from the track and throwing, the plaintiff from the same, was produced solely from the defects of the engine of said car then and there installed and other defective equipments then.and there in said car.
 

 “Plaintiff further states that at the time of said injury and prior thereto defendant knew of said defective conditions of said car and, notwithstand
 
 *577
 
 ing the knowledge of said defects, defendant permitted and required plaintiff to ride on said car at said time, and never did inform him of said defective condition of said defective car.
 

 “Plaintiff further states at the time of receiving said injuries, and prior to and during the time he was riding on said car, he knew nothing of the defective condition of the same as herein set out, or of any other defects therein.
 

 “Plaintiff further states that by reason of said injury he became, and will be for his natural life, lame and sick, and has been disabled from attending his work as a laborer for a. period of 11 months; that he was receiving at the time of his injury as stated aforesaid $3.90 per day; and that since said injury he has incurred expenses for medicine, medical attention, and nursing at the amount of $100, and is injured by reason of the facts set forth for life.
 

 “Plaintiff therefore asks judgment against the defendant in the sum of $5,000.”
 

 A motion to make more definite and certain was filed by the defendant, which for the purposes of this case was with regard to the following particulars :
 

 “(1) By stating what other appliances of said car suddenly burst, as set forth at the bottom of the first page.
 

 “(2) By stating in detail what other defective conditions of said car caused the same to jump from the track. * * *
 

 “(5) By setting forth what other defective equipment plaintiff refers to in the same paragraph.”
 

 
 *578
 
 Thereafter an entry was spread upon the jour nal of the court as follows:
 

 “April 27, 1923. This day this cause came on to be heard upon the motion of the defendant to require the plaintiff to make his petition more definite and certain, and was argued by counsel and submitted to the court.
 

 “Upon consideration thereof, the court doth find the first, second, and fifth branches of said motion well taken, and doth order the plaintiff to make his petition more definite and certain by stating in detail what other defective conditions of said car caused the same to jump from the track, and by setting forth in detail what defects plaintiff refers to by the use of the words, ‘defects of the engine/ as the same appears in the second paragraph on the second page of said petition, to all of which plaintiff excepts.”
 

 And more than 30 days thereafter another entry, was spread upon the journal as follows:
 

 “October 24, 1923. This day this cause came on for hearing on the motion of defendant, to require plaintiff to make his petition more definite and certain, and the argument of counsel, and on consideration whereof, the court doth sustain said motion, and leave is given plaintiff to amend his petition, and, it now appearing to the court that plaintiff refuses to amend his petition, therefore the court dismisses the case at the cost of plaintiff.
 

 “October 23, 1923. Dismissed at costs of plaintiffs; the plaintiff having refused to amend his petition.”
 

 Error was prosecuted to the Court of Appeals,
 
 *579
 
 where the judgment of dismissal was affirmed. Error is prosecuted here.
 

 While the form of this petition is not recommended as a model to be followed by future pleaders, yet, eliminating all the indefinite and uncertain averments particularized in the motion, it still states a case of negligence under the doctrine of
 
 res ipsa loquitur,
 
 which doctrine is peculiarly applicable to the character of accidents described in the petition, wherein it says:
 

 “The engine of the motor car # * * suddenly bursted and * * * caused the same * * * to suddenly jump from the railroad track and throw this plaintiff from said car.”
 

 This court cannot anticipate what the defendant will plead by way of answer, and prove upon the trial; therefore it cannot assume that future pleadings and proof will make the federal rule of the nonapplicability of the doctrine of
 
 res ipsa loquitur
 
 to actions between master and servant applicable to this case, but must confine its judgment to the facts appearing in the record.
 

 While the trial court in the enforcing of its orders has a wide discretion, yet that discretion is abused when the court, because of the fact that the pleading contains certain matter not well pleaded, deprives a litigant of the right to try a cause well pleaded. The dignity and authority of the court can be as well maintained by ordering the matter not well pleaded stricken from the petition as by dismissing the case and depriving the litigant of the right to have his cause tried upon the merits.
 

 The judgment of dismissal of the Court of Appeals and court of common pleas-will be reversed
 
 *580
 
 and the cause remanded, with instructions that if an amended petition be not filed the matters particularized in the motion, numbered 1, 2, and 5, be ordered stricken from the petition.
 

 Judgment reversed, and cause remanded.
 

 Marshall, C. J., Robinson, Allen, and Conn, JJ., concur.