OTTO J. NELSON v. EMIL C. ZAMBONI AND OTHERS.[1]

August 7, 1925.

No. 24,743.

**Res ipsa loquitur doctrine applicable to unexplained explosion of gasolene in filling station.**

The res ipsa loquitur rule held applicable to an unexplained explosion of a gasolene filling station.

See Explosives, 25 C. J. p. 205, § 38.

---

See note in 8 A. L. R. 500.  See note in 23 A. L. R. 484.

Action in the district court for Steele county by the administrator of the estate of Rex Dougherty, deceased, to recover for the death

[1]Reported in 204 N. W. 943.

of his intestate. The case was tried before Senn, J., who dismissed the action. From an order denying his motion for a new trial and from the judgment of dismissal, plaintiff appealed. Reversed.

*Nelson & Nelson*, for appellant.

*Sawyer & Gausewitz* and *Brown, Somsen & Sawyer*, for respondents.

STONE, J.

An automobile filling station owned and operated by defendants exploded. Plaintiff's decedent was a passing autoist who, at the moment of the accident, was using the toilet in the building. He suffered injuries which proved fatal. This action is to recover damages for his death and resulted below in a dismissal at the conclusion of plaintiff's case. The appeal is from the order denying plaintiff's motion for a new trial.

The one question for decision is that of the application to the case, as made by the evidence for plaintiff, of the principle of res ipsa loquitur. The learned trial judge ruled that it did not apply.

There was no direct evidence as to the cause of the explosion. Two large tanks were in the basement. They were not buried as is usually the case. Air pressure was supplied to the tanks by an electrically operated pump controlled by an automatic switch. All of this mechanism was in the basement and one theory of plaintiff is that gasolene vapor escaping from the feed pipes of the tanks was ignited by a spark from the pump switch. Further detail of the facts may be omitted, but we are not overlooking the significance, one way or the other, of a cover said to have been over the switch, it being argued on the one side that it was sufficiently tight to prevent access to the switch, and its spark, of escaping gasolene vapor and, on the other, that the cover was loose enough to permit the ignition in the manner indicated of gasolene vapor, if present. The construction of the switch and its cover was properly enough gone into and the inferences to be drawn one way or the other are of fact. We cannot say what they are or to what extent they should control.

We do say, however, that the case as made by plaintiff was a proper one for the application of the rule of res ipsa loquitur. The

accident was of a kind not likely to happen if those in control of the instrumentality use a degree of care commensurate with the danger. The propensity of gasolene to vaporize and thereby produce material for a violent explosion is well known and ordinarily controlled by due care. So the mere explosion of a filling station is some evidence that those responsible for its safe operation have failed at some point to exercise due care. We consider the case ruled by Kleinman v. Banner Laundry Co. 150 Minn. 515, 186 N. W. 123, 23 A. L. R. 479.

We do not agree with the suggestion that possible negligence of the deceased bars the application of the rule. He was not one of those referred to in Mathews v. C. & N. W. R. Co. 162 Minn. 313, 202 N. W. 896, whose own neglect of duty is so far within the realm of reasonable possibility as an agency of causation that the res ipsa loquitur doctrine cannot be invoked. Mr. Dougherty had no duty whatsoever with respect to the operation of the filling station. He was but a stranger given the liberty of making use of one of its conveniences. Defendants alone had the "charge of operation," which under the rule of the Kleinman case "is an essential to the application of the res ipsa doctrine." The deceased had no share in that duty and the result is an absence of any obstacle, on this record, to the invocation of that rule by his representative.

Order reversed.