Weygandt, C. J.
 

 The familiar evidentiary rule of
 
 res ipsa loquitur
 
 has been restated innumerable times. One frequently quoted version of it appears in 20 Puling Case Law, 387, Section 156, as follows:
 

 
 *182
 
 “More precisely the doctrine
 
 res ipsa loquitur
 
 asserts that whenever a thing which produced an injury is shown to have been under the control and management of the defendant, and the occurrence is such as in the ordinary course of events does not happen if due care has been exercised, the fact of injury itself will be deemed to afford sufficient evidence to support a recovery in the absence of any explanation by the defendant tending to show that the injury was not due to his want of care. ”
 
 Western Transportation Co.
 
 v.
 
 Downer,
 
 78 U. S. (11 Wall.), 129, 20 L. Ed., 160.
 

 The following summary of the rule is stated in 9 Wigmore on Evidence (3 Ed.), 380, Section 2509:
 

 “ (1) The apparatus must be such that in the ordinary instance no injurious operation is to be expected unless from a careless construction, inspection, or user; (2) Both inspection and user must have been at the time of the injury in the control of the party charged; (3) The injurious occurrence or conditions must have happened irrespective of any voluntary action at the time by the party injured.”
 

 Still another statement is that the rule of
 
 res ipsa loquitur
 
 is a rule of evidence which warrants but does not compel an inference of negligence where the instrumentality causing the injury is under the exclusive management and control of one of the parties and an accident occurs under circumstances where in the ordinary course of events it would not happen if due care is observed.
 
 Glowacki, a Minor,
 
 v.
 
 North Western Ohio Ry. & Power Co.,
 
 116 Ohio St., 451, 157 N. E., 21, 53 A. L. R., 1486;
 
 Weller, Exrx.,
 
 v.
 
 Worstall,
 
 129 Ohio St., 596, 196 N. E., 637; 29 Ohio Jurisprudence, 635, Section 156.
 

 However, the mere statement of the rule is as usual less difficult than its application. Fortunately the facts in the instant cases are not in dispute except as to the amount of damage sustained by each plaintiff. The defendant does not contend that there was any want of
 
 *183
 
 due care on the part of the plaintiffs or that the entire operation of the gasoline station was not under its own exclusive management and control. This reduces the question to whether this explosion was an occurrence that in the ordinary course of events would not happen if ordinary care is used. The defendant offered no evidence to explain the occurrence, and there is nothing in the record to indicate that the blending of gasolines is a process in which an explosion would occur in the ordinary course of events if due care were exercised.
 

 In the somewhat similar case of
 
 Nelson
 
 v.
 
 Zamboni,
 
 164 Minn., 314, 204 N. W., 943, a person properly on the premises was killed by an explosion of gasoline in a filling station. The following reasoning appears in the opinion:
 

 “Wedo say, however, that the case as made by plaintiff was a proper one for the application of the rule of
 
 res ipsa loquitur.
 
 The accident was of a kind not likely to happen if those in control of the instrumentality use a degree of care commensurate with the danger. The propensity of gasoline to vaporize and thereby produce material for a violent explosion, is well known and ordinarily controlled by due care.”
 

 The defendant relies upon the decision of this court in the case of
 
 Huff
 
 v.
 
 Austin,
 
 46 Ohio St., 386, 21 N. E., 864. The plaintiff was on the defendants’ premises assisting in setting up a sawmill when a steam boiler exploded. In the syllabus it was held that “in an action for damages, the mere fact of the explosion did not raise a
 
 prima facie
 
 presumption of negligence on the part of the defendants.” In the opinion it was reasoned that “instances are not unfrequent of steam-boiler explosions where there has been no want of ordinary care and skill in their management, and even where there has been the greatest care.” It is the contention of the defendant that this decision is decisive of all explosion cases involving either steam or gas
 
 *184
 
 oline. However, it is the view of this court that a rigid, inflexible rule of this sort would be impracticable. In each case the particular circumstances must be analyzed to determine whether they meet the tests for the application of the principle of
 
 res ipsa loquitur.
 
 In the instant cases involving the process of blending gasolines this court is of the view that every requisite element is present.
 

 The Court of Appeals was correct in reversing the judgments of the Court of Common Pleas and remanding the cases for retrial.
 

 Judgments affirmed.
 

 Day, Zimmerman, Williams, Matthias and Hart, JJ., concur.