Zimmerman, J.'
 

 In their answers, the defendants admitted that on February 16, 1940, they were engaged in cleaning the windows of the premises occupied by the F. W. Woolworth Company at Euclid avenue and East 4th street in the city of Cleveland, This was followed by a general denial of all other averments in the petition.
 

 Mrs. Worland testified that after the sponge struck her and the water spilled on her she looked up and “saw this fellow up there standing by the windows and the bucket had tipped — the bucket was tipped at the time I looked up.”
 

 As we view it, this was sufficient to warrant a jury in inferring that one of the defendants, or one of their ■employees in the course of his employment, negligently dropped the sponge and spilled the water, thus invoking the doctrine of
 
 res ipsa loquitur. Glowacki
 
 v.
 
 North Western Ohio Ry. & Power Co.,
 
 116 Ohio St., 451, 157 N. E., 21, 53 A. L. R., 1486.
 

 The next and more important question' is whether, assuming negligence on the part of the defendants, such negligence could be said to have been a legal cause of the physical impairment asserted by the plaintiffs.
 

 Defendants argue that the injuries alleged were not
 
 *504
 
 brought about by the dropping of the sponge and the-spilling of the water, but were due entirely to Mrs.. Worland’s voluntarily, unnecessarily and imprudently exposing herself to the inclement weather after any negligence of theirs had ended.
 

 While it is true that the chain of causation between a defendant’s negligence and a plaintiff’s injury is-broken when an independent act of the plaintiff, not within the reasonable contemplation of the defendant,, intervenes to bring about the injury, it is likewise true-that such intervening cause breaks the chain of causation between a negligent act and an injury only when it is adequate to create the injury.
 

 Defendants cite several cases in which a railroad company negligently but safely discharged a passenger from one of its trains at the wrong station; and the passenger then unnecessarily and imprudently exposed himself to the elements and became ill. These cases hold there can be no recovery against the railroad, because the injury itself was due wholly and unquestionably to the passenger’s own foolish conduct.
 

 However, in the present case it could fairly be found that the wetting combined with the exposure brought about Mrs. Worland’s trouble. In other words, that the wetting was a real and important factor contributing to the harm and without which it would not have-occurred.
 

 . The law is well settled that when two causes unite to produce injury, both of which may be called proximate and each of which is an essential cause, without the operation of which the injury would not have occurred, it may be attributed to one or both causes. Hence, if it should be determined by a jury that any physical impairment sustained by Mrs. Worland would not have come about but for the wetting she received, and that her own behavior was not such as to preclude her, an allowance of damages would be supportable.
 
 *505
 
 In the event of an award of damages, the wrong of the defendants would be found to' have been a cardinal element in the result. . ■
 

 Under the evidence in this case, we are of the opinion that. a jury question was presented. The judgment of the Court of Appeals is therefore reversed and the cause remanded to the trial court for further proceedings.
 

 Judgment reversed and cause remanded.
 

 Weygandt, C. J., Matthias, Hart, Bell and Turner, JJ., concur.
 

 Williams, J., not participating.