Bell, J.
 

 This case presents the single question: “Was the Court of Appeals correct in holding that the plaintiff was entitled to a charge upon the doctrine of
 
 res ipsa loquitur
 

 This doctrine has been the subject of much confusion and great divergence of opinion. The adjudicated cases and .the test writers are not in agreement as to what the doctrine really is or how or when it should be applied. Time and space prohibit any attempt to harmonize the confusion and conflict presented in the cases.
 

 
 *5
 
 It is the general rule, so well established as to need no citation of authority, that negligence is never presumed and, therefore, in a negligence case the burden of proof of negligence is upon the party complaining.
 

 Some courts regard the rule of
 
 res ipsa loquitur
 
 as an exception to this general rule. It would seem that the better view is that in a case in which the rule is applicable, the trier of the facts is permitted to infer negligence from the circumstances surrounding the injury.
 

 An examination of the early cases wherein the rule was first recognized clearly discloses that it had its origin in the law of necessity. The particular justice of the doctrine rests upon the foundation that the true cause of the occurrence whether innocent or culpable is within the knowledge or access of the defendant and not within the knowledge or access of the plaintiff.
 

 The leading English case, decided in 1863, which was one of the first to formulate that specific rule, is
 
 Byrne
 
 v.
 
 Boadle,
 
 2 H. & C., 722, 159 Eng. Rep. R., 299.
 

 In that case the plaintiff was walking along a public street and was struck by. a barrel of flour falling from a window. The plaintiff brought an action based upon negligence. On the trial he could testify only that he was struck and injured by a falling object. One of his two eye-witnesses testified that he saw the' barrel falling, the other that he saw it strike the plaintiff, but plaintiff could offer no evidence as to how or why the barrel fell. The trial court nonsuited plaintiff for failure to prove negligence. Upon review' the Court of Exchequer unanimously held that the nonsuit was erroneous and that plaintiff had in effect offered evidence sufficient to sustain a verdict for damages upon proof of injury, under those circumstances.
 

 In 1870, in the case of
 
 Kearney
 
 v.
 
 London B. & S. C. Ry. Co.,
 
 L. R., 5 Q. B., 411, it was held that the falling of a brick upon the plaintiff from-a wall in a bridge
 
 *6
 
 which was under the exclusive" management and control of the defendant, amounted to sufficient evidence of negligence to warrant a jury in finding a verdict in plaintiff’s favor. ~
 

 Later the doctrine was applied to railroad derailment cases and finally in many jurisdictions to other classes of tort actions, provided always that the instrumentality which caused the injury was under the exclusive management and control of the defendant and that the injury occurred under such circumstances as could give rise to the conclusion that the injury would not have occurred if ordinary care had been exercised.
 

 In some jurisdictions it is held that the doctrine is one of substantive law while in others it is held to be a rule of evidence. This in some measure accounts for the irreconcilable conflict in the decisions.
 

 In those jurisdictions where the doctrine is held to be a rule of substantive law, proof of facts which give rise to the application of the rule requires the defendant to assume the burden of proving himself free from negligence. In jurisdictions where the doctrine is held to be a rule of evidence, proof of facts which give rise to the application of the rule calls upon the defendant for explanation, in the absence of which a verdict for the plaintiff will be sustained.
 

 In those jurisdictions where
 
 res ipsa loquitur
 
 is held to be a rule of substantive law, it is held that the proof of a state of facts calling for the application of the ■rule creates a
 
 presumption
 
 of negligence, while in those jurisdictions where
 
 res ipsa loquitur
 
 is held to be a rule of evidence it creates an
 
 inference
 
 of negligence.
 

 While the words
 
 presumption
 
 and
 
 inference
 
 are often confused, nevertheless there is a clear and definite distinction between them.
 

 In
 
 Ensel
 
 v.
 
 Lumber Ins. Co. of New York,
 
 88 Ohio St., 269, 102 N. E., 955, Judge Wilkin in writing for the
 
 *7
 
 court points out the distinction on page 282 of the opinion, and we quote:
 

 “The error of counsel throughout this case, lies in a confusion of terms. They mistake inference for presumption — a slip too often unconsciously made by judges as well as lawyers. A presumption is a rule which the law makes upon a given state of facts; an inference is a conclusion which, by means of data founded upon common experience, natural reason draws from facts which are proven.”
 

 In
 
 Cogdell
 
 v.
 
 Wilmington & W. Rd. Co.,
 
 132 N. C., 852, 44 S. E., 618, it is said:
 

 “* * * The presumption has a technical force of weight and the jury, in the absence of sufficient proof to overcome it, should find according to the
 
 presumption,
 
 but in the case of a mere
 
 inference
 
 there is no technical force attached to it. The jury, in the case of an inference, are at liberty to find the ultimate fact one way or the other as they may be impressed by the testimony. In the one case the law draws a conclusion from the state of the pleadings and evidence and in the other case the jury draw it. An inference is nothing more than a permissible deduction from the evidence, while a presumption is compulsory and cannot be disregarded by the jury.” (Italics ours.)
 

 In some jurisdictions it is held that a plaintiff who relies upon the rule of
 
 res ipsa loquitur
 
 is not permitted to plead specific acts of negligence in his petition. If he does plead any specific acts of negligence he is denied the benefit of the rule. This state has adopted the rule, which is supported by the great weight of authority, that if the allegations of the petition and the proof in support thereof call for the application of the rule it should be applied irrespective of whether the petition contains allegations of specific acts of negligence.
 

 In
 
 Sweeney
 
 v.
 
 Erving,
 
 228 U. S., 233, 57 L. Ed., 815,
 
 *8
 
 33 S. Ct., 416, is found one of the best of the many definitions of the term
 
 “res ipsa loquitur.”
 
 It is as follows: •
 

 “In our opinion,
 
 res ipsa loquitur
 
 means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict.”
 

 This court in many cases has considered and applied this rule. See
 
 Cincinnati Traction Co.
 
 v.
 
 Holzenkamp,
 
 74 Ohio St., 379, 78 N. E., 529, 113 Am. St. Rep., 980, 6 L. R. A. (N. S.), 800;
 
 Loomis
 
 v.
 
 Toledo Rys. & Light Co.,
 
 107 Ohio St., 161, 140 N. E., 639;
 
 Edelstein
 
 v.
 
 Cook,
 
 108 Ohio St., 346, 140 N. E., 765, 31 A. L. R., 1333;
 
 New York, Chicago & St. Louis Rd. Co. v. Biermacher,
 
 110 Ohio St., 173, 143 N. E., 570;
 
 Walters
 
 v.
 
 Baltimore
 
 &
 
 Ohio Southwestern Ry. Co.,
 
 111 Ohio St., 575, 146 N. E., 75;
 
 St. Marys Gas Co.
 
 v.
 
 Brodbeck, Admr.,
 
 114 Ohio St., 423, 151 N. E., 323;
 
 J. Livingston & Co.
 
 v.
 
 Streeter,
 
 114 Ohio St., 144, 150 N. E., 734;
 
 Cleveland Ry. Co.
 
 v.
 
 Sutherland,
 
 115 Ohio St., 262, 152 N. E., 726;
 
 Beeler
 
 v.
 
 Ponting,
 
 116 Ohio St., 432, 156 N. E., 599;
 
 Glowacki, a Minor,
 
 v.
 
 North Western Ohio Ry. & Power Co.,
 
 116 Ohio St., 451, 157 N. E., 21, 53 A. L. R., 1486;
 
 Scovanner
 
 v.
 
 Toelke,
 
 119 Ohio St., 256, 163 N. E., 493;
 
 Ault
 
 v.
 
 Hall,
 
 119 Ohio St., 422, 164 N. E., 518, 60 A. L. R., 128;
 
 Goodall
 
 v.
 
 Deters,
 
 121 Ohio St., 432, 169 N. E., 443;
 
 Thomas
 
 v.
 
 Youngstown Municipal Ry. Co.,
 
 122 Ohio St., 610, 174 N. E., 252;
 
 City of Cleveland
 
 v.
 
 Amato,
 
 123 Ohio St., 575, 176 N. E., 227;
 
 City of Cleveland
 
 v.
 
 Pine,
 
 123 Ohio St., 578, 176 N. E., 229, 74 A. L. R., 1224;
 
 Weller, Exrx.,
 
 v.
 
 Worstall,
 
 129 Ohio
 
 *9
 
 St., 596, 196 N. E., 637;
 
 Morrow
 
 v.
 
 Hume, Admx.,
 
 131 Ohio St., 319, 3 N. E. (2d), 39;
 
 Sherlock
 
 v.
 
 Strouss-Hirshberg Co.,
 
 132 Ohio St., 35, 4 N. E. (2d), 912;
 
 Hiell
 
 v.
 
 Golco Oil Co.,
 
 137 Ohio St., 180, 28 N. E. (2d), 561;
 
 Worland
 
 v.
 
 Rothstein,
 
 141 Ohio St., 501, 49 N. E. (2d), 165.
 

 Since the decision in the
 
 Glow acki. case, supra,,
 
 this court has consistently held that the rule of
 
 res ipsa loquitur
 
 is a rule of evidence which permits the jury,
 
 but not the court in a jury trial,
 
 to draw an inference of negligence where the instrumentality causing the injury is under the exclusive management and control •of the defendant and an accident occurs under such circumstances that in the ordinary course of events it would not occur when ordinary care is observed. It is an evidential inference, not controlling upon the jury but to be considered by it under proper instruction by the court.
 

 Counsel for defendants have cited no case in which it was held that the rule of
 
 res ipsa loquitur
 
 does not apply in a suit by a passenger for injury sustained by reason of the derailment of a passenger train, and ail the decisions which we have been able to find uniformly hold that in a railroad derailment case the doctrine does apply.
 

 The great weight of authority, if not the universal rule, is that in an action by a passenger upon a railroad train for personal injury caused by a derailment of the train, the plaintiff, to have his case submitted to the jury, need only prove that the relationship of carrier and passenger existed and that he sustained injury by reason of the fact that the train was derailed.
 

 In some jurisdictions, including the federal courts, under such circumstances the defendant is required to prove that he was free from negligence. In the other jurisdictions it is held that the proof of such facts is sufficient to sustain a verdict in the absence of explana-’
 
 *10
 
 tion to rebut the inference of negligence arising therefrom.
 

 In the instant case great stress is laid upon the fact that an automobile had been overturned upon the track shortly prior to the approach of the train, but it should be kept clearly in mind that the train, the derailment of which caused plaintiff’s injury, was under the exclusive management and control of the defendants and while it was entirely proper for the defendants to prove, in explanation, the circumstances of the derailment, nevertheless, it was still a question of fact for the jury as to. whether defendants had rebutted or overcome the inference of negligence arising from the derailment of the train.
 

 We think, therefore, that the rule of
 
 res ipsa loquitur
 
 was clearly applicable to this case.
 

 The question then is: “Did the trial court err in determining as a matter of law that the inference of negligence arising from the derailment of the train had been overcome by the explanation offered by the defendants?”
 

 In the
 
 Glowaclci case, supra,
 
 it was held in paragraph one of the syllabus:
 

 “* * * It [res
 
 ipSa
 
 loquitur] is rather a rule of evidence which permits the jury,
 
 but not the court in a jury trial,
 
 to draw an inference of negligence where the instrumentality causing the injury is under the exclusive management and control of one of the parties * # V’ (Italics ours.)
 

 It would be a strange doctrine to say that in a jury trial the court is not permitted to draw the inference of negligence in a ease which calls for the application of the rule and then to say that the court could determine as a matter of law that the inference had been rebutted or destroyed by an explanation offered by the defendant, of the circumstances of the occurrence.
 

 The Court of Appeals in the
 
 Glowacki case,
 
 held that
 
 *11
 
 the presumption of negligence arising from the falling of the wire had been destroyed and that the fact of charging at all upon the subject of
 
 res ipsa loquitur
 
 was prejudicial error. This court reversed the judgment of the Court of Appeals for so holding and clearly pointed out that the weight of the inference as well as the weight of the explanation offered to meet such inference is for the determination of the jury.
 

 In the
 
 Glowacki case
 
 the court said:
 

 “If the trial court had refused to charge upon the maxim of
 
 res ipsa loquitur,
 
 and if the trial court had declared, as the Court of Appeals has declared, that the inference had been completely destroyed, the trial court by such action would have invaded the province of the jury.”
 

 The case of
 
 Gleeson
 
 v.
 
 Virginia Midland Rd. Co.,
 
 140 U. S., 435, 35 L. Ed., 458, 11 S. Ct., 859, presented a situation quite similar to.the instant case. In that case a railway mail clerk was injured when the train on which he was working was derailed as the result of running into a landslide on the track. There the trial court refused to charge that the derailment made a
 
 prima facie
 
 case of negligence and the jury returned' a verdict for the defendant.
 

 In reversing that judgment the Supreme Court of the United States used this language:
 

 “The law is that the plaintiff must show negligence in the defendant. This is done
 
 prima facie
 
 by showing, if the plaintiff be a passenger, that the accident occurred. If that accident was in fact the result of' causes beyond the defendant’s responsibility, or of the act of God, it is still none the less true that the plaintiff has made out his
 
 prima facie
 
 case.”
 

 As has been pointed out in the statement of facts, the plaintiff alleged that he was a passenger upon a railroad train operated by the defendants and that he was injured by reason of the derailment of the train.
 

 
 *12
 
 The evidence as well as the admission of the answer fully sustains those claims.
 

 Upon proof of those facts, aided by the inference of negligence arising therefrom, he was entitled to have his case submitted to the jury under proper instructions by the court and it was for the jury to say whether, upon all the evidence, the plaintiff had proven negligence on the part of defendants.
 

 We therefore conclude that where the allegations of the petition and the evidence offered in support thereof disclose a state of facts which’call for the application of the rule of
 
 res ipsa loquitur,
 
 and where the defendant offers evidence tending to meet and explain the circumstances surrounding the occurrence, it is the duty of the court, when requested so to do, to submit the question to the jury under proper instructions. The weight of the inference of negligence which the jury is permitted to draw in such case as well as the weight of the explanation offered to meet such inference, is for the determination of the jury.
 

 It follows that the Court of Appeals' was correct in its conclusion and that its judgment should be and hereby is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Williams and Turner, JJ., concur.