**BALTIMORE & OHIO RAILROAD COM-
PANY, Appellant,**

v.

**Eugene L. HUGHES, Appellee.**

**No. 14020.**

United States Court of Appeals
Sixth Circuit.

May 5, 1960.

Philip J. Schneider, Cincinnati, Ohio (John M. O'Mara, Cincinnati, Ohio, of counsel, Waite, Schindel, Bayless & Schneider, Cincinnati, Ohio, on the brief), for appellant.

Thomas H. Mongan, Cincinnati, Ohio (Robert O. Leming, Cincinnati, Ohio, of counsel, Rolf, Dolle, Rueger, Mongan & Leming, Cincinnati, Ohio, on the brief), for appellee.

Before SHACKELFORD MILLER, Jr., and CECIL, Circuit Judges, HOLLAND, Senior District Judge.

CECIL, Circuit Judge.

The plaintiff-appellee, Eugene L. Hughes, recovered a judgment in the District Court, in the sum of $30,000, upon a verdict against the defendant-appellant, the Baltimore and Ohio Railroad Company. The parties will be hereinafter referred to as plaintiff and defendant.

The defendant appealed on the ground that there was insufficient evidence to warrant submitting the case to the jury.

The plaintiff was employed by the Kroger Company in its shipping department and at about 10 o'clock, on the morning of January 18, 1956, was directed by his superior to take a fellow employee, Edward Ruebel, and load a freight car with candy. The empty freight car, C. G. W. 89412, at the request of the Kroger Company, had been placed on the track adjacent to its warehouse, at 1212 State Avenue, in Cincinnati, on the night of January 17. There was a loading dock at the warehouse, the height of which was about level with the floor of the car.

When the plaintiff and his helper reached the car, they found the door open about eighteen inches. While attempting to open the door, preparatory to loading the car, the door became detached, fell from the car, and severely injured the plaintiff.

Only the two Kroger employees were present and in their language the accident happened as follows: Hughes on the ground between the car and the warehouse, "I put my left hand on the end, up next to the latch, and my right hand into the pushing handle. * * * I pushed and, after I pushed, the car door moved about—maybe five inches at the most, and it came off, completely disengaged and fell on me." Describing what happened he said: "Well, it happened— it just came off, and it pinned me to the wall—to the wall. * * * Yes, sir. It came out and down at the bottom. The bottom came out. * * * I was facing the car door."

Ruebel who was in the car: "I could tilt the door, and I don't know what happened after that. It hit me in the leg, and I tried to duck across the opening and jumped across. It fell down there and got my other leg as I was part way across. So I do not know exactly how it fell. * * * He (Hughes) was between the building and the car, and he was working the lever or pulling on the door."

It is alleged in the amended petition that the defendant had sole control of the freight car in question and that it negligently permitted the heavy steel door to become loose and disengaged from its lock and track, with nothing to hold it in place; that it failed to make any inspection, or proper inspection, to ascertain the dangerous and unsafe condition, and remedy it, and that it failed to warn of the unsafe condition, knowing that the door had to be opened in order to place freight in the car.

The gravamen of these specifications of negligence is that the door was defective, which caused it to fall.

Charging that the defendant had sole control of the freight car, counsel for the plaintiff tried the case on the theory that the doctrine of res ipsa loquitur was applicable. The trial judge ruled out this principle of law, but, yet, it so permeated the trial and is so injected into this appeal that we cannot avoid discussing it. Repeatedly, counsel for the plaintiff, in his argument to us, on request to state the acts of negligence, said: "It didn't work properly." The trial judge, in considering a motion at the close of all the

testimony, said: "The only thing about the case is, as I see it, that the two were trying to push the door open and they say for unexplained reasons it fell off." (p. 287 tr.) This indicates that the trial judge was thinking in terms of the res ipsa doctrine. We are not favored with the trial judge's charge and cannot tell whether he followed through on this theory, or if he required the jury to find some specific act of negligence.

■ This is a diversity case and under Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, Ohio law is applicable.

■ In the most recent pronouncement of the Supreme Court of Ohio (1954) the court reaffirmed the doctrine "that ordinarily there must be custody, control and management of an injury-causing instrumentality by a party in order to render applicable against him the rule of res ipsa loquitur" and added "that before the rule may be applicable against a party out of such custody, control and management, there must be a complete showing that the instrumentality could not have been mishandled or tampered with between the time of its leaving the custody of the one sought to be charged and the time of the accident causing the injury." Koktavy v. United Fireworks Mfg. Co., 160 Ohio St. 461, 471, 117 N.E.2d 16, 21.

In Hiell v. Golco Oil Co., 137 Ohio St. 180, 182, 28 N.E.2d 561, 562, the court adopted the rule as stated in 9 Wigmore on Evidence (3 Ed.), 380, Section 2509: "(1) The apparatus must be such that in the ordinary instance no injurious operation is to be expected unless from a careless construction, inspection or user; (2) Both inspection and user must have been at the time of the injury in the control of the party charged; (3) The injurious occurrence or conditions must have happened irrespective of any voluntary action at the time by the party injured."

The facts of this Hiell case present a typical res ipsa situation. The plaintiffs drove a car into a filling station to have it lubricated. The defendant was engaged in mixing gasoline of different grades of volatility, and while the plaintiffs were there, the vapors arising from the gasoline exploded, injuring them.

■ In Ohio res ipsa loquitur is a rule of evidence not a rule of liability or of substantive law. Fink v. New York Central R. Co., 144 Ohio St. 1, 56 N.E.2d 456; Renneckar v. Canton Terminal Restaurant, Inc., 148 Ohio St. 119, 73 N.E. 2d 498. In the Fink case the origin of the doctrine and its different interpretations are discussed. At page 5 of 144 Ohio St., at page 458 of 56 N.E.2d it is stated: "The particular justice of the doctrine rests upon the foundation that the true cause of the occurrence whether innocent or culpable is within the knowledge or access of the defendant and not within the knowledge or access of the plaintiff."

Chicago, R. I. & P. R. Co. v. McClanahan, 5 Cir., 173 F.2d 833, involved a railroad car door. The court said, at page 838, "The appellee and his co-workers ought to know as much about what caused the injury as anyone else; they were there, and the car was under the control and management of their employer, when the door fell."

See also Manker v. Shaffer, 161 Ohio St. 285, 118 N.E.2d 641; Krupar v. Procter & Gamble Co., 160 Ohio St. 489, 117 N.E.2d 7; Herdman v. Pennsylvania R. Co., 352 U.S. 518, 520, 77 S.Ct. 455, 1 L.Ed.2d 508, affirming Herdman v. Pennsylvania R. Co., 6 Cir., 228 F.2d 902; Martin v. Southern Pac Co., D.C., 46 F. Supp. 957.

In the Koktavy case, 160 Ohio St. at page 469, 117 N.E.2d at page 20, supra, the court said: * * * "in each of the bottle cases the explosion occurred *without any action on the part of the one injured"* * * *. (Emphasis added.) In Hiell v. Golco Oil Co., 137 Ohio St. at page 184, 28 N.E.2d at page 562, supra, the court said: "In each case the particular circumstances must be analyzed to determine whether they meet the tests for the application of the principle of res ipsa loquitur."

We conclude that the freight car in question was not in such exclusive control of the defendant as is contemplated by the authorities in order to invoke the rule of res ipsa loquitur. Furthermore, the plaintiff and his co-worker, attempting to open the door, constituted an intervening force, so that it cannot be said that the true cause of the occurrence was within the knowledge or access of the defendant.

Being unable to rely on the rule of res ipsa loquitur, the plaintiff must offer some evidence of negligence on the part of the defendant. Upon a careful reading of the transcript of the proceeding we find none.

The plaintiff testified that the bottom door track was shorter than the upper. Uncontradicted testimony showed that this was the design and construction of the track and not a defect. It is undisputed that no repairs were required and that in order to put the car in service it was only necessary to rehang the door. No nuts, bolts, screws or any such items were used. It is further shown by undisputed testimony that adequate inspections were made immediately preceding the accident and following it. No defects of the door or of its tracks were ever revealed by any of these inspections.

There is no conflicting evidence upon which reasonable minds could differ on the question of defects of the door or its tracks.

Counsel for the plaintiff called Lewis Whittenburg as an expert, who testified, in answer to a hypothetical question, that the door hangers would have to be defective. This testimony was negatived by his cross-examination and particularly by his answer to the question that if the door came "out and down" he would have to change his opinion.

In the face of the positive physical evidence of no defect, the answer to the hypothetical question would not serve to present a situation upon which reasonable minds could differ.

The evidence shows that the defendant performed its duty with reference to inspection in placing the empty freight car on the track at the Kroger warehouse.

"A railroad company which places empty freight cars on a spur track owned by a steel company to be loaded by the latter's employees is under a duty to see that such cars are in a reasonably safe condition for loading, and such duty requires that the railroad company make an inspection of the cars sufficient to disclose any patent defect." 1st Syl., Jusko v. Youngstown & Northern Rd. Co., 89 Ohio App. 496, 102 N.E.2d 899, 900.

The judgment of the District Court is reversed and the case remanded with instructions to dismiss the amended petition and enter judgment for the defendant.