**Johnnie L. SMITH, Plaintiff,**

v.

**LOUISVILLE & NASHVILLE RAILROAD COMPANY, a Kentucky corporation, New York Central Railroad Company, a New York corporation, Pennsylvania Railroad Company, a Pennsylvania corporation, E. L. Bruce Co. (Incorporated), a New York corporation, Defendants.**

**Civ. A. No. 5340.**

United States District Court
S. D. Ohio, W. D.
May 25, 1966.

Eugene D. Smith and Edward J. Utz, Cincinnati, Ohio, for plaintiff.

Thomas S. Calder, Roy W. Short, John W. Hudson and Ralph F. Mitchell, Cincinnati, Ohio, for defendants.

## MEMORANDUM OPINION

PECK, District Judge.*

Plaintiff herein claims to have suffered personal injuries when he was struck by a portion of the inner wall of a box car which fell while he was unloading it. The undisputed facts indicate that the car, owned by the New York Central Railroad Co. (hereinafter called "N. Y.C."), had been delivered by the Louisville & Nashville Railroad Co. (hereinafter called "L. & N.") to the E. L. Bruce Co. (hereinafter called "Bruce") in Tennessee for loading. Sometime thereafter Bruce loaded the car with hardwood flooring and the loaded car was received by the L. & N. around May 10, 1961, for delivery to the consignee of the load in Cincinnati, Ohio, The Emerald Lumber Co. (hereinafter called "Emerald"), for which plaintiff was employed. The L. & N. in turn delivered the car to the Pennsylvania Railroad Co. (hereinafter called "Pennsylvania") yards in Cincinnati on

* Now Circuit Judge.

May 13, 1961, for delivery to Emerald which was located on Pennsylvania tracks. Following such delivery, the seal was broken and the unloading operation was commenced on May 17, 1961, with plaintiff's resulting injury.

The cause is presently before the Court on the motions of defendants for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure. It is here determined that there are no genuine issues of material fact presented and that the cause is in proper posture for the entry of summary judgment. (Rule 56 (c), F.R.Civ.P.)

At the pretrial conference counsel for plaintiff stated that his theory of the case was failure of defendants to furnish plaintiff a safe place to work. This concession is reflected in the Pretrial Order heretofore entered. Section 4101.11, Ohio Revised Code, provides that "Every employer * * * shall furnish a place of employment which shall be safe for the employees therein and for frequenters thereof * * *." It is uncontradicted that none of defendants employ plaintiff, so if plaintiff is to prevail it must be under the "frequenter" provision of the above Section.

■ It was held in Comerford v. Jones & Laughlin Steel Corp., 170 Ohio St. 117, 162 N.E.2d 861 (1959) (In an opinion by Peck, J., the writer hereof), that the "frequenter" provision has application only where the party sought to be held liable has custody or control, or the right thereto, over the alleged unsafe premises. On this record it is established that L. & N., Pennsylvania and Bruce had relinquished all control over the car at the time of the plaintiff's injury and it is determined that the test of Comerford has not been met. On its face, the N.Y.C.'s ownership of the car would appear to give it at least the right to custody and control, but in light of the finding hereinafter made as to the N.Y.C. no discussion is deemed necessary as to it on this point. It is noted, however, that the

car was out of the actual custody of the N.Y.C. for about 20 days prior to the accident.

We turn next to the question of the legal duty, if any, owing from the various defendants to plaintiff. In this regard it is significant that plaintiff claims that a defect existed in the fastening device between the inner and outer walls of the car.[1] Plaintiff also agrees that this condition was not observable by an inspection of the car's exterior[2] and in his deposition plaintiff stated that he personally observed nothing wrong with the interior of the car as he was unloading it. It is thus concluded that the defect here involved was a latent one.

■ It is established by their affidavits that the car was loaded and sealed at the times it was handled by both the L. & N. and the Pennsylvania. A carrier who receives such a car is required to give it a reasonable external inspection, which does not include breaking the seal and checking inside to see how the car has been loaded by someone else. (Blytheville Cotton Oil Co. v. Kurn, 155 F.2d 467 (6th Cir. 1946); Butler v. Norfolk Southern Ry., 140 F.Supp. 601 (E.D.N.C. Washington Div.1956)). The inspection need only be made to discover patent defects. (Spears v. New York Central R.R., 61 Ohio App. 404, 22 N.E. 2d 634 (1939)). From the foregoing it is concluded that defendants L. & N. and Pennsylvania breached no duty owing to plaintiff and that their motions are well taken.

■ No authority has been advanced charging Bruce, as the loader of the car, with a duty to inspect it for latent defects. There being no allegations that the car was improperly loaded, it is determined that no such duty exists and that Bruce's motion is well taken.

■■ A duty, of course, is imposed upon the N.Y.C. as the owner and supplier of the car to make reasonable inspections of it and in the exercise of ordinary care to give due warning of dis-

1. Plaintiff's Answer to Supplemental Interrogatory #1.

2. Plaintiff's Answer to Supplemental Interrogatory #8.

cernable defects. (Baltimore & Ohio Rd. Co. v. Hughes, 278 F.2d 324 (6th Cir. 1960) ; 75 C.J.S. Railroads § 924(d) (1) (1952)). This applies, however, only to the discovery of a patent defect, Baltimore & Ohio Rd. Co. v. Hughes, (supra) ; Jusko v. Youngstown & Northern Rd., 89 Ohio App. 496, 500–501, 102 N.E.2d 899 (1951), the existence of which has hereinabove been negatively resolved. The N.Y.C.'s motion is also well taken.

A single entry in accordance with the foregoing sustaining defendants' motions for summary judgment may be presented.