FRY v. PHILLIPS PETROLEUM CO., D. B. A. WAY-LO-GAS STATIONS.

(No. 404309—Decided November 19, 1975.)

Franklin County Municipal Court.

*Mr. Stanley B. Dritz,* for plaintiff.
*Mr. Craig D. Barclay,* for defendant

FAIS, C. J.   The plaintiff filed this action against the defendant claiming personal injuries and requested to be awarded damages in the sum of $7,450.

The case was called for trial and the parties entered into the following stipulation of facts and requested that the court render its judgment on the question of responsibility, if any, and the damages sustained by the plaintiff:

"It is stipulated that on June 7, 1974, the plaintiff was purchasing gasoline at a Way-Lo Station owned and operated by the defendant Phillips Petroleum Company. Said Way-Lo Gas Station is located at the corner of Rose Hill and Main Street in Franklin County, Ohio. While the servants of the defendant were pumping gas into the plaintiff's automobile, the gasoline hose ruptured causing gasoline to be sprayed on the plaintiff, the interior of her car, and on her clothing. The hose was worn and a new hose was on order. Plaintiff was given a free tank of gas worth $9.50 and the interior of her car was cleaned by the defendant. After a delay of about one-half hour defendant's station manager took Mrs. Fry to see Dr. Robert M. Snow who examined her, found she had a skin and eye irritation but no burns on the eye or skin, and advised Mrs. Fry to go home and bathe. Mrs. Fry was delayed a total of about two hours. Dr. Snow's fee of $8.00 has not been paid by defendant.

"As a result of the gasoline being sprayed into plaintiff's automobile, plaintiff incurred eye irritation and Dr. Richard S. Olson's report is attached hereto and made a part of this stipulation. The doctor indicates that there was an inflammation of the conjunctiva of the left eye which was not severe. The fee for the examination by Dr. Olson and for the solution he prescribed have not been paid by defendant."

With these facts before this court, the question of liability is the first issue to be considered. The action is based upon negligence. Negligence is not presumed or inferred from the mere fact of injury. A qualification of this rule is found in the doctrine of *res ipsa loquitur*, which is founded on the absence of facts constituting negligence.

34

A careful examination and analysis of the stipulation convinces this court that we have a case warranting the application of the rule of *res ipsa loquitur* in determining the question of negligence. The instrumentality is shown to be under the exclusive control of the defendant, and in its nature it is probable that the injury would not have happened except for defendant's negligence. A recent case decided by the Supreme Court on the subject is *Hake* v. *Brewing Company* (1970), 23 Ohio St. 2d 65.

"It is well established by earlier decisions of this court that *res ispa loquitur* is a rule of evidence which permits the trier of fact to infer negligence on the part of the defendant from the circumstances surrounding the injury to plaintiff. (See *Fink* v. *New York Central Road Co.* (1944), 144 Ohio St. 1, for a discussion of the concept of *res ipsa loquitur* generally, and see *Soltz* v. *Colony Recreation Center* (1949), 151 Ohio St. 503, for a review of the earlier decisions of this court applying that concept.)

"To warrant application of the rule a plaintiff must adduce evidence in support of two conclusions: (1) That the instrumentality causing the injury was, at the time of the injury, or at the time of the creation of the condition causing the injury, under the exclusive management and control of the defendant; and (2) that the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed. *Glowacki* v. *North Western Ohio Ry. & Power Co.* (1927), 116 Ohio St. 451; *Fink* v. *New York Central Rd. Co., supra;* *Renneckar* v. *Canton Terminal Restaurant* (1947), 148 Ohio St. 119; *Soltz* v. *Colony Recreation Center, supra; Krupar* v. *Procter & Gamble Co.* (1954), 160 Ohio St. 489; *Schafer* v. *Wells* (1961), 171 Ohio St. 506. Whether sufficient evidence has been adduced at trial to warrant application of the rule is a question of law to be determined initially by the trial court, subject to review upon appeal. It is prejudicial error for the trial court to direct a verdict for defendant at the close of plaintiff's evidence where the evidence presented warrants the application of the rule. *Hiell* v. *Golco Oil Co.* (1940), 137 Ohio St. 180."

The facts in the *Hake* case were not similar to the instant case because the Supreme Court had before it a fact situation where an empty beer keg fell from a second floor meeting hall onto the plaintiff who was emerging from a ground floor doorway. Judge Leach, speaking for the court, cited the 1943 case of *Worland* v. *Rothstein* (1943), 141 Ohio St. 501, and he summarized the facts of the *Rothstein* case as follows:

" 'The doctrine of *res ispa loquitur* is applicable in an action to recover damages for personal injuries alleged to have been suffered by reason of the negligence of a window cleaner in dropping a wet sponge and spilling water on the plaintiff, in which action the defendant admits cleaning windows at the time and place alleged by the plaintiff and the plaintiff testifies that after the drenching she looked up and saw a man by the windows, with a bucket tipped.' "

The court in *Hake* was convinced that the rule of *res ipsa loquitur* was properly asserted by the plaintiff.

Also, *Hiell* v. *Golco Oil Co.*, 137 Ohio St. 180, presented the following facts to the trial court.

"On December 16, 1936, the defendant operated a certain gasoline filling station in the city of Columbus, Ohio. In the evening on that date the plaintiffs rode to this station in an automobile owned and operated by the father who wished to have the defendant lubricate his car. In each petition it is alleged 'that the defendant on said date and at said time was engaged in blending gasoline of different grades of volatility; that said gasolines were owned by and were under the control of the defendant company; that the vapors arising from said gasoline exploded upon the premises then under the control and care of the defendant company, the exact cause of which explosion is to this plaintiff unknown.' "

The plaintiffs relied upon the principle of *res ipsa loquitur* and offered no evidence of specific acts of negligence.

The trial court sustained a motion by the defendant to dismiss the case and ultimately the Supreme Court upheld

the Court of Appeals reversing the judgment of the trial court holding that the case was a proper one for the doctrine of *res ipsa loquitur*.

The Court in *Hiell* cited *Nelson* v. *Zamboni*, 164 Minn. 314, 204 N. W. 943, and at page 183, the court quoted the *Nelson* case:

" 'We do say, however, that the case as made by plaintiff was a proper one for the application of the rule of *res ipsa loquitur*. The accident was of a kind not likely to happen if those in control of the instrumentality used a degree of care commensurate with the danger. The propensity of gasoline to vaporize and thereby produce material for a violent explosion, is well known and ordinarily controlled by due care.' "

Considering the rule in light of the stipulated facts, this court concludes that the facts warrant an inference of negligence on the part of the defendant, and the rule of *res ipsa loquitur* is properly applied to the facts in this case. After carefully weighing all of the evidence this court finds, by a preponderance of the evidence, that the negligence of the defendant proximately caused the plaintiff's injuries.

Thus, having resolved the question of liability, this court sets this case for further hearing upon the question of damages sustained by the plaintiff proximately resulting from the defendant's negligence.

*Judgment accordingly.*